24-973-cv
*Cestaro v. Rodriguez, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-five.

PRESENT:         DENNY CHIN,
                 MICHAEL H. PARK,
                 SARAH A. L. MERRIAM,
                        *Circuit Judges*.

_____

R. MICHAEL CESTARO,

    *Plaintiff-Appellant*,

      v.                                                                  24-973-cv

CLARISSA M. RODRIGUEZ, Chair, New York State Workers' Compensation Board, in her individual and official capacity; DAVID WERTHEIM, Former Acting Executive Director and Former General Counsel, New York State Workers' Compensation Board, in his individual and official capacity; HEATHER MACMASTER, Acting General Counsel, New York State Workers' Compensation Board, in her individual and official capacity;

MADELINE H. PANTZER, Former Project Director and Chief of Adjudication, New York State Workers' Compensation Board, in her individual and official capacity,

   *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:    RICHARD L. SULLIVAN, Law Office of Richard L. Sullivan, Brockport, NY.

FOR DEFENDANTS-APPELLEES:    ANAGHA SUNDARARAJAN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Judith N. Vale, Deputy Solicitor General; *on the brief*), *for* Letitia James, Attorney General, State of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION,** the March 14, 2024, judgment of the District Court is **AFFIRMED.**

Plaintiff-appellant R. Michael Cestaro, an Administrative Law Judge for the New York State Workers' Compensation Board ("WCB"), appeals from the District Court's grant of summary judgment to defendants-appellees Clarissa Rodriguez, David Wertheim, Heather MacMaster, and Madeline Pantzer on Cestaro's First Amendment retaliation claims. Cestaro alleged that his supervisors at WCB violated his First Amendment rights when they rescinded his promotion to Senior Administrative Law Judge after viewing a TikTok video that depicted Cestaro arguing with a New Jersey

Transit conductor about the requirement that he cover his mouth and nose with a mask while on the train. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

On appeal, Cestaro argues that the District Court improperly granted summary judgment to defendants on his First Amendment retaliation claims, based on their affirmative defense under *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). We disagree.

This Court

> review[s] de novo a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor. Summary judgment is required if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

*Unkechaug Indian Nation v. Seggos*, 126 F.4th 822, 828 (2d Cir. 2025) (citation and quotation marks omitted).

"To survive summary judgment on a First Amendment retaliation claim, a public employee must bring forth evidence showing that [1] he has engaged in protected First Amendment activity, [2] he suffered an adverse employment action, and [3] there was a causal connection between the protected activity and the adverse employment action." *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 114 (2d Cir. 2011) (citation and quotation marks omitted). We assume for purposes of this appeal that Cestaro established a prima facie case of First Amendment retaliation. But "[e]ven if the plaintiff makes out a prima

facie retaliation claim, a government defendant may still receive summary judgment if it establishes its entitlement to a relevant defense." *Id.* As relevant here, a defendant can prevail on summary judgment by establishing an affirmative defense under *Mt. Healthy*, 429 U.S. 274.

The *Mt. Healthy* defense "provides that even if there is evidence that the adverse employment action was motivated in part by protected speech, the government can avoid liability if it can show that it would have taken the same adverse action in the absence of the protected speech." *Anemone*, 629 F.3d at 114 (citation and quotation marks omitted). "This principle prevents an employee who engages in unprotected conduct from escaping discipline for that conduct by the fact that it was related to protected conduct." *Id.* at 115 (citation and quotation marks omitted). Defendants were entitled to summary judgment because they established as a matter of law that they revoked Cestaro's promotion based on his unprotected conduct, rather than on any protected speech. *See id.*

Defendants established that they revoked Cestaro's promotion because his conduct was a "poor way to treat workers," he was not "fair to the [transit] staff," and he was "unprofessional and aggressive" towards the conductor. App'x at 135, 137. After viewing the video, one of Cestaro's supervisors commented: "this [is] so unprofessional and a poor way to treat workers." *Id.* at 137. Another supervisor observed: "When [Cestaro] is confronted by the conductor, a young man of color, he behaves in an unprofessional and aggressive manner." *Id.* at 135. Defendants "did not discuss the constitutionality of masking requirements on public transit, or [Cestaro's] views on that subject, in their discussions of [his] conduct in the TikTok video and how the WCB

4

should respond to this conduct." *Id.* at 802. Instead, defendants expressed concern about "hav[ing] a supervisor at the state who *behaves* in this manner, [because] he cannot be trusted to be fair to the staff or the public." *Id.* at 135 (emphasis added). Indeed, when pressed at oral argument, Cestaro failed to point to *any* evidence in the record from which a reasonable jury could conclude that Cestaro's views on masking, rather than his conduct toward the conductor, on a public train, "played a 'substantial part'" in WCB's decision to revoke his promotion. *Mt. Healthy*, 429 U.S. at 285.[1]

Cestaro has failed to demonstrate a genuine dispute of material fact as to whether defendants would have taken the same actions regardless of whether he engaged in any protected speech. Accordingly, defendants were entitled to summary judgment based on the *Mt. Healthy* defense.

For the foregoing reasons, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Cestaro contends that his claims should be reviewed under *Pickering v. Board of Education*, 391 U.S. 563 (1968), rather than under *Mt. Healthy*. Because we conclude that *Mt. Healthy* applies here and that it provides a sufficient basis for the grant of summary judgment to defendants, we need not reach the *Pickering* defense.